**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joe Lockhart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  13 C 8276 |
| | ) | |
| Midland Credit Management, Inc., a | ) | |
| Kansas corporation, and Midland | ) | |
| Funding, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Joe Lockhart, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Joe Lockhart ("Lockhart"), is a resident of the State of Mississippi, from whom Defendants attempted to collect a delinquent consumer debt owed for a Webbank account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"),

located in Chicago, Illinois.

4.      Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  MCM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant MCM.

7.      Defendant MCM and Midland are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, MCM

and Midland each conduct extensive and substantial business in Illinois.

8.    Defendant MCM and Midland are both licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, Defendants Midland and MCM act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.    Mr. Lockhart fell behind on paying his bills, including a debt he owed for a Webbank account.  At some point in time after that debt became delinquent, Defendant Midland bought that debt and had its sister company, Defendant MCM, begin trying to collect it from Mr. Lockhart.  This caused Mr. Lockhart to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendants' collection actions.

10.    Accordingly, via a letter, dated September 11, 2013, one of Mr. Lockhart's attorneys at LACD informed Defendants, in writing, that Mr. Lockhart was represented by counsel, and directed MCM to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Lockhart was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit C.

11.    Via a return fax the Defendants sent to Mr. Lockhart's attorneys at LACD in Chicago, Illinois, dated September 12, 2013, Defendants agreed to a payment arrangement.  A copy of this fax is attached as Exhibit D.

12.    Nonetheless, Defendants, communicated directly with Mr. Lockhart, via letters dated September 12, 2013 and October 10, 2013, regarding payment of the

3

Webbank debt.  Copies of these collection letters are attached as Group Exhibit <u>E</u>.

13.     Defendants' collection actions complained of herein (Group Exhibit <u>E</u>)
occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the
"unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>,
27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from
communicating with a consumer and continuing to demand payment after a direction to
cease communications.  <u>See</u>, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Mr. Lockhart's attorney/agent, LACD, told Defendants
to cease communications with Mr. Lockhart (Exhibit <u>C</u>).  By continuing to communicate
via letter regarding the debt and demanding payment from Mr. Lockhart (Group Exhibit
<u>E</u>), Defendants violated § 1692c(c) of the FDCPA.

18.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for
actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. §
1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

4

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew that Mr. Lockhart was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendants, in writing (Exhibit C), that he was represented by counsel, and had directed Defendants to cease directly communicating with him.  By directly sending Mr. Lockhart collection letters (Group Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Joe Lockhart, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Mr. Lockhart and against Defendants MCM and Midland Funding, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joe Lockhart, demands trial by jury.

Joe Lockhart,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: November 18, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com